**CBS, INC., Plaintiff,**

v.

**ENCO INDUSTRIES, INC. and Nathan Cohen, Defendants.**

**No. 83 Civ. 9413 (WCC).**

United States District Court, S.D. New York.

May 11, 1984.

Eslinger & Pelton, P.C., New York City, for plaintiff; Lewis H. Eslinger, Russell G. Pelton, David M. Quinlan, Timothy C. Pledger, New York City, of counsel.

Hopgood, Calimafde, Kalil, Blaustein & Judlowe, New York City, for defendants; James M. Rhodes, Jr., New York City, of counsel.

## OPINION AND ORDER

CONNER, District Judge:

The Complaint in this action alleges no less than eight claims:

(1) infringement of plaintiff's U.S. utility patent No. 3,538,620 entitled "Selectively Manually Operable Educational Toy" issued November 10, 1970 ("the '620 patent");

(2) infringement of plaintiff's U.S. design patent No. D–209,767 entitled "Child's Multiple Element Pop-up Toy" issued January 2, 1968 for a term of 14 years ("the '767 design patent");

(3) infringement of plaintiff's federally registered trademarks BUSY PEEK–A–BOO and PLAYTIME by defendant's sale in the United States of pop-up toys under the trademarks PEEK–A–BOO PETS and PLAYTIME;

(4) federal statutory unfair competition under 15 U.S.C. § 1125(a) by copying dis-

tinctive non-functional features of appearance of plaintiff's pop-up toys;

(5) common-law unfair competition;

(6) dilution of the distinctive quality of plaintiff's trademarks and injury to plaintiff's business reputation through the sale of inferior quality toys of similar appearance under confusingly similar trademarks in violation of New York General Business Law ("NYGBL") § 368–d;

(7) unfair competition in violation of NYGBL § 133;

(8) offenses against plaintiff's trademark and non-functional features of appearance in violation of NYGBL § 279–n.

The action is before the Court on (1) plaintiff's motion for preliminary injunction restraining defendants' sale of the allegedly infringing pop-up toys pending trial on the merits; and (2) defendants' motion for summary judgment dismissing all eight claims. For the reasons stated hereinafter, plaintiff's motion is denied and defendants' motion is granted insofar as concerns the Second Claim for alleged infringement of the '767 design patent but is otherwise denied.

*Plaintiff's Motion for Preliminary Injunction*

The requirements for preliminary injunctive relief are well settled in this Circuit: "a showing of (a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." *Bell & Howell: Mamiya Co. v. Masel Supply Co.*, 719 F.2d 42, 45 (2d Cir.1983) (*quoting Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir.1979)).

■ In patent infringement actions there is yet another requirement: a preliminary injunction may be granted only if the patent in suit "is beyond question valid and infringed." *Carter-Wallace, Inc. v. Davis-Edwards Pharmacal Corp.*, 443 F.2d 867, 871 (2d Cir.1971), *cert. denied*, 412 U.S. 929, 93 S.Ct. 2753, 37 L.Ed.2d 156 (1973). This requires either a prior court adjudica-

tion that the patent is valid or at least general acquiescence in its validity. *See Premo Pharmaceutical Laboratories, Inc. v. USV Laboratories*, 481 F.Supp. 193, 195 (S.D.N.Y.), *affirmed per curiam*, 615 F.2d 1351 (2d Cir.1979).

■ The '620 patent in suit here has never been tested by litigation. Nor, apparently, has anyone ever accepted or sought to obtain a royalty-bearing license under it. Plaintiff argues that general acquiescence in the validity of the '620 patent is shown by the commercial success of plaintiff's toys embodying the patented construction and the absence, until now, of infringers. But such evidence is ambiguous. The absence of infringing competition could have resulted from many factors other than respect for the patent—for example, a belief that the market demand for this type of toy was fully satisfied by a single supplier whose prices were so reasonable and marketing resources so great as to reduce the profit potential for a competitor below a level justifying the necessary investment.

In any event, the Court cannot, on the present record, conclude that plaintiff has demonstrated a likelihood of success on the merits. Even a cursory review of the prior patents cited by the Patent and Trademark Office ("PTO") is sufficient to satisfy the Court that the patentability of the invention claimed in the '620 patent is far from clear. Moreover, as discussed more fully hereinafter, the infringement of the '620 patent by defendant's accused toys is also open to question.

While these issues are sufficiently close to make them a fair ground for litigation, the balance of hardships which would respectively result from issuance or denial of a preliminary injunction does not tip decidedly in favor of plaintiff. Defendant has submitted affidavits, which are uncontroverted, attesting to its financial ability to respond in damages for any infringements committed by it between now and the entry of final judgment. On the other hand, a preliminary injunction would shut defend-

ant out of this market and result in an incalculable loss of profits and good will.

These same factors militate against the issuance of a preliminary injunction on the trademark and unfair competition claims. As discussed more fully below, it is not at all clear on the present record that defendant has infringed either of plaintiff's registered trademarks or competed unfairly with plaintiff.

Finally, as discussed hereinafter, the claim of infringement of the '767 design patent is being dismissed on the ground that that patent expired before defendants' sales of the accused toys began.

Therefore plaintiff's motion for preliminary injunction will be denied in its entirety. However, the action will be set for trial on an expedited basis, if the parties can be ready earlier than the present trial date of July 2, 1984.

*Defendants' Motion for Summary Judgment*

■ Summary judgment may be granted only if the record establishes that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), F.R.Civ.P. The Court's function, in deciding a motion for summary judgment is thus not to resolve material issues of fact but only to determine whether such issues exist. If they do, the motion must be denied. *Heyman v. Commerce and Industry Insurance Co.*, 524 F.2d 1317, 1319 (2d Cir. 1975).

■ As to plaintiff's claim for infringement of the '767 design patent, there are no material fact issues. The 14-year patent term expired on January 2, 1982. According to the uncontroverted affidavit of Enco's president, defendant Nathan Cohen, Enco had the plaster display prototype of its accused pop-up toys made in June 1982, and received its first order for the toys in January 1983; the first such toys were shipped to this country from Macao in the spring of 1983, over a year after the '767 patent expired. Thus it is clear that the '767 design patent was never infringed

by defendants, and that defendants are entitled to summary dismissal of the claim for infringement of that patent.

■ As to all of plaintiff's other claims, there are disputed issues of material fact which preclude summary disposition. For example, the validity of the '620 patent cannot be determined without developing evidence on such matters as the level of ordinary skill in the art and the "secondary considerations" referred to in *Graham v. John Deere Co.*, 383 U.S. 1, 17–18, 86 S.Ct. 684, 693–694, 15 L.Ed.2d 545 (1966). The issue of infringement of the '620 patent likewise cannot be determined summarily, because it is at least debatable whether in defendants' toys each manually manipulatable control element physically resembles the real control element whose movement it simulates, as required in each of Claims 1 through 10 of the patent. Even if the patent claims are not literally readable on defendants' toys, the claims may still be infringed under the doctrine of equivalents. *Graver Tank & Mfg. Co. v. Linde Air Products Co.*, 339 U.S. 605, 607–09, 70 S.Ct. 854, 855–56, 94 L.Ed. 1097 (1950). But equivalence is a question of fact, *id.* at 609, 70 S.Ct. at 856, which cannot be resolved on a motion for summary judgment.

■ With respect to the claims for trademark infringement, there are likewise critical fact issues. Although plaintiff has registered the trademark BUSY PEEK–A–BOO for pop-up toys, it apparently does not use that mark on its own toys, but instead uses the trademark DISNEY POPPIN' PALS thereon. Thus the present record leaves unanswered questions as to the nature and extent of plaintiff's actual use of the mark BUSY PEEK–A–BOO; whether, when and under what circumstances the use of that mark was discontinued; whether there are plans to resume its use; and so on.

Plaintiff's trademark PLAYTIME was registered for use not on pop-up toys but on "PHONOGRAPH RECORDS AND RECORD BLANKS." Absent evidence bearing on the likelihood of confusion of customers arising from the use of the mark

on such different goods, the Court cannot rule, as a matter of law, whether the mark has been infringed by defendants. *American International Group v. London American International Corp.*, 664 F.2d 348, 351 (2d Cir.1981).

The same considerations apply to plaintiff's claims of unfair competition and dilution. Although there are many points of similarity between the appearance of plaintiff's pop-up toys and that of defendants' toys (including a rectangular white cabinet with a row of square pop-up doors in different bright primary colors along its upper edge with their respective similarly colored manual operating elements centered below them), there are many differences (a stepped instead of an inclined upper surface on the cabinet, four pop-up doors instead of five, differently shaped operating elements, and a carrying handle projecting from the lower edge of the cabinet instead of being recessed flush with it). Without evidence as to the packaging of the two products, the customary method of displaying them in retail stores, the buying habits of customers, the degree to which prospective purchasers recognize the appearance of plaintiff's product and associate it with a particular source, and the likelihood of confusion arising from the similar appearance of defendants' product, the Court could not conclude, as a matter of law, whether unfair competition or dilution has occurred or is likely to occur in the future.

*Summary*

Plaintiff's motion for preliminary injunction is denied in its entirety. Defendants' motion for summary judgment is granted only to the extent that plaintiff's Second Claim for alleged infringement of the '767 design patent is dismissed with prejudice and is otherwise denied.

SO ORDERED.